IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DANNY DAMON SMITH**                                                                                   **PETITIONER**

**v.**                                                               **CIVIL ACTION NO.: 3:21-cv-626-KHJ-MTP**

**WARDEN SHANNON D. WITHERS**                                                         **RESPONDENT**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Danny Damon Smith's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition [1] be denied.

### BACKGROUND

On January 29, 2007, Petitioner was convicted in the Circuit Court of the City of Richmond, Virginia for distributing cocaine. ([10-2] at 1). He was sentenced to a ten-year term of imprisonment with seven years and six months suspended, resulting in a two-year and six-month term of incarceration. On November 7, 2007, Petitioner was indicted in the United States District Court for the Eastern District of Virginia. ([10-2] at 1). On December 5, 2007, he was taken into federal custody by the United States Marshals pursuant to a writ of habeas corpus *ad prosequendum* so that he could be tried for criminal charges pending in the United States District Court for the Eastern District of Virginia. ([10-2] at 1).

On January 12, 2009, while Petitioner was in federal custody pursuant to the writ of habeas corpus *ad prosequendum*, the Richmond City Circuit Court, Virginia "discharged" Petitioner's sentence. ([10-3] at 3). Petitioner remained in federal custody, and on February 4, 2009, following a guilty plea, the federal district court sentenced Petitioner to a 240-month term of imprisonment. ([10-8] at 4). The district judge recommended to the Bureau of Prisons

1

("BOP") for this term to run concurrently with the sentence imposed by the Circuit Court of the City of Richmond, Virginia. ([10-7] at 3).

On September 29, 2021, Petitioner filed the instant Petition asserting that the BOP incorrectly calculated his sentence by failing to credit his sentence with the time he served in state custody. According to Petitioner, he should have received jail credit for all of the time he served in state custody following the federal indictment. ([1] at 6).

## ANALYSIS

Computing a federal sentence requires two separate determinations: (1) when did the sentence commence and (2) whether the defendant is entitled to credit for time previously spent in custody. Title 18 U.S.C. § 3585 governs the calculation of the length of a federal criminal sentence. "A sentence to a term of imprisonment commences on the date the defendant is received into custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Thus, Petitioner's federal term of imprisonment commenced on February 4, 2009—the day he was sentenced and taken into the custody of the Marshals Service.

Section 3585 also provides that the defendant is entitled to sentencing credit for time spent in "official detention" prior to the commencement of the term of imprisonment.

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence.**

18 U.S.C. §3585(b) (emphasis added).

Petitioner argues that the BOP failed to award him credit on his sentence which was granted by the sentencing court. In its judgment, the district court stated: "This term shall run concurrently with the sentence imposed by the Circuit Court for the City of Richmond, Virginia on January 29, 2007." ([1-2] at 2). Additionally, during the sentencing hearing, the judge remarked: "[T]his Court will order that the sentence you are receiving run concurrently with the sentence imposed in the Circuit Court of the City of Richmond." ([11-2] at 1).

According to Petitioner, these statements indicate that the sentencing court intended for him to receive credit on his federal sentence for the entire time that he was in state custody following the federal indictment. The Supreme Court, however, has made clear that district courts have no jurisdiction to grant or deny credits at sentencing *See United States v. Wilson*, 503 U.S. 329 (1992). Calculating an offender's sentence pursuant to § 3585 is the responsibility of the BOP. *See United States v. Binion*, 981 F.2d 1256, 1992 WL 386836, (5th Cir. Dec. 21, 1992) ("The computation of credits is wholly the function of the United States Attorney General after the defendant begins their sentences."); *see also Young v. United States*, 2014 WL 1356590, at *2 (S.D. Miss. Apr. 7, 2014) ("The district court at the time of sentencing cannot determine the precise amount of credit a federal offender should receive.").

Here, the BOP credited 22 days of prior custody toward Petitioner's federal sentence. ([10-1] at 3). This credited time includes the period between January 13, 2009 (the day after he was released from his state sentence) through February 3, 2009.

The BOP did not award credit for the time Petitioner spent in federal custody on a writ of habeas corpus *ad prosequendum* before he was released from state custody. Petitioner argues that he should have received credit for this period which began on December 5, 2007. Petitioner, however, is not entitled to credit for this time. The Supreme Court has explained that when

Congress enacted § 3585(b), it "made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992).  Where a prisoner is in primary state custody and is taken on a writ into federal custody to answer federal charges, he is not entitled to also have that time credited against his federal sentence. *See Chaplin v. United States*, 451 F.2d 179, 181 (5th Cir. 1971) ("petitioner was exclusively in state custody for a state parole violation except when appearing in federal court via writ of habeas corpus *ad prosequendum*.  Upon this finding, petitioner is not entitled to credit against his federal sentence for such time spent in state custody."); *Dominguez v. Willaimson*, 251 F.3d 156, 2001 WL 300705, *3 (5th Cir. 2001); *United States v. Wilburn*, 2009 WL 197569, *4 (S.D. Tex. Jan. 27, 2009).  Petitioner was in primary state custody when he was taken into temporary federal custody, and he was awarded credit toward his state sentence until he was discharged.  Accordingly, he may not receive credit toward his federal sentence for the period from December 5, 2007, to January 13, 2009.

Petitioner also argues that he was entitled to a *nunc pro tunc* designation.  In other words, Petitioner argues that the BOP should have designated his state prison as his place of confinement and counted his federal sentence as running concurrent with his state sentence.  "Where a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating *nunc pro tunc* the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).  To receive a *nunc pro tunc* designation, the federal sentence must have been imposed before the state sentence.  *Id.*; *see also Smith v. McConnell*, 950 F.3d 285, 287 (5th Cir. 2020) (holding that because the petitioner's federal sentence was imposed after his state sentence, and not before, "the BOP could not have abused its discretion by not considering the request" for

4

*nunc pro tunc* designation). Petitioner's federal sentence was not imposed before his state sentence. The Circuit Court of the City of Richmond discharged him before he was sentenced in federal court. Thus, Petitioner is not entitled to a *nunc pro tunc* designation. *See Valdez v. Mosely*, 2018 WL 4622309, at *3 (S.D. Miss. Aug. 20, 2018).

Petitioner has failed to demonstrate that he is entitled to credit on his federal sentence which has not already been awarded by the BOP.

**Exhaustion**

Respondent also moved to dismiss the Petition [1] for failure to exhaust administrative remedies. Because the undersigned recommends dismissal of the Petition on the merits, the undersigned does not address this issue.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions

accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 8th day of September, 2022.

                                              s/Michael T. Parker
                                              UNITED STATES MAGISTRATE JUDGE

accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 8th day of September, 2022.

                                        s/Michael T. Parker
                                        UNITED STATES MAGISTRATE JUDGE