UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DANNY DAMON SMITH, # 34028-183                                     PETITIONER

V.                                           CIVIL ACTION NO. 3:21-CV-626-KHJ-MTP

WARDEN SHANNON D. WITHERS                               RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation [12] of United States Magistrate Judge Michael T. Parker and Objection [13] of Petitioner Danny Damon Smith. For the following reasons, the Court adopts the Report.

I.      Background

Smith was convicted in the Circuit Court of the City of Richmond, Virginia for distributing cocaine. [10-2]. On January 29, 2007, the court sentenced him to a ten-year term of imprisonment with seven years and six months suspended, resulting in a sentence of two years and six months. *Id.*

On November 7, 2007, Smith was indicted in the United States District Court for the Eastern District of Virginia. *Id.* The United States Marshals took him into temporary custody under a writ of habeas corpus *ad prosequendum* for trial on criminal charges pending in that court. *Id.* On January 12, 2009, the state court "discharged" his sentence while he was still in federal custody. *Id.* Smith pleaded guilty, and the federal court sentenced him to a 240-month term of imprisonment. [10-7] at 1-2.

The district judge recommended to the Bureau of Prisons ("BOP") that the term run concurrently with the sentence the state court imposed. *Id.* The BOP accordingly credited 22 days of prior custody toward Smith's federal sentence. [10-1] at 3. That credited time includes the period between January 13, 2009 (the day after the state court released him from state custody) through February 3, 2009 (the day before federal sentencing). [10-2] at 2. The BOP did not award credit for the time Smith spent in federal custody *before* he was released from state custody.

Smith filed this Petition for a writ of habeas corpus on September 29, 2021. [1]. He argues the BOP incorrectly calculated his sentence by failing to credit him with the full time he served in state custody. Specifically, he argues the BOP should give him jail credit from the time of his federal indictment on November 7, 2007, rather than from the day after his release from state custody on January 12, 2009. [1] at 6. Warden Shannon D. Withers responded [10] arguing the Court should deny Smith's Petition both on the merits and for failure to exhaust administrative remedies.

II.   Standard

The Court reviews de novo the portions of the Magistrate's Report to which a petitioner objects, 28 U.S.C. § 636(b)(1), and reviews the remaining portions under a "clearly erroneous, abuse of discretion and contrary to law" standard of review. *U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). The Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam). The Court need

not consider "[f]rivolous, conclusive or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir. Unit B 1982) (en banc) (overruled on other grounds)). And "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citation omitted).

III.   Analysis

Smith essentially objects to the Magistrate's entire Report by raising the same arguments he raised before the Magistrate. The Court reviews those arguments de novo, 28 U.S.C. § 636(b)(1), beginning with his sentencing credit.

A. Sentencing Credit

1.   Additional Jail Credit

Smith argues his sentencing credit should run from the date of his federal indictment on November 7, 2007, rather than from the day after his release from state custody on January 12, 2009. He argues the sentencing court granted that credit by its statement that "the sentence [he is] receiving [will] run concurrently with the sentence imposed in the [state court as] required by law," [13] at 2, and that the BOP failed to award him that credit.

There are two problems with Smith's argument. First, district courts do not have jurisdiction to grant or deny credits at sentencing. *U.S. v. Binion*, 981 F.2d 1256, No. 92-7225, 1992 WL 386836 (5th Cir. Dec. 21, 1992) (per curiam) (unpublished) (citing *U.S. v. Wilson*, 503 U.S. 329 (1992)). That is the BOP's

responsibility. *U.S. v. Aparicio*, 963 F.3d 470, 476–77 (5th Cir. 2020) (citing *Wilson*, 503 U.S. at 329). The BOP credited 22 days of prior custody toward Smith's federal sentence, calculated from the date of his federal indictment. The sentencing court's statement is irrelevant even if construed to mean the court awarded Smith a longer credit.

Second, Smith was not entitled to a time-served credit for that time. If a prisoner is in primary state custody and taken on a writ into federal custody to answer federal charges, he is not entitled to have his time in state prison credited against his federal sentence. *See Chaplin v. U.S.*, 451 F.2d 179, 181 (5th Cir. 1971) (per curiam) (concluding petitioner was not entitled to similar credit because he was exclusively in state custody for state parole violation except when appearing in federal court under writ of habeas corpus *ad prosequendum*); *Dominguez v. Williamson*, 251 F.3d 156, 2001 WL 300705, at *3 (5th Cir. March 1, 2001) (per curiam) (unpublished). Smith was in primary state custody when the United States Marshals took him into federal custody under a writ of habeas corpus *ad prosequendum*. He received credit for his state sentence until discharged from state custody and may not receive the additional credit for his federal sentence.

2. Nunc Pro Tunc Designation

Another avenue for a prisoner to receive additional credit is nunc pro tunc designation. That form of relief involves the BOP designating the state prison as the prisoner's place of confinement. But Smith does not qualify for that credit either.

If a prisoner receives a federal sentence *before* a state sentence, "the BOP may . . . award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (per curiam). Smith does not qualify for that designation because his federal sentence was imposed *after* his state sentence. *See Smith v. McConnell*, 950 F.3d 285, 287 (5th Cir. 2020) (citing *Pierce*, 614 F.3d at 160) (prisoner was not entitled to nunc pro tunc designation because his federal sentence was imposed after his state sentence).

Smith's petition fails on the merits because he is not entitled to additional credit.

B.  Exhaustion of Administrative Remedies

Warden Withers also argued Smith failed to exhaust his administrative remedies. The Magistrate's Report did not address that issue because it recommended the Court dismiss the Petition on the merits. Smith argues he "file[d] in the [BOP] every step" and that he "ha[d] no choice but to turn to the courts." [13] at 4.

A prisoner seeking credit for time he served in state custody must exhaust all administrative remedies with the BOP before turning to the courts. *Overshown v. Upton*, 466 F. App'x 361, 361 (5th Cir. 2012) (per curiam) (citing *U.S. v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992)). "Exceptions to the exhaustion requirement apply only in extraordinary circumstances," and the prisoner bears the burden of proving futility of administrative review. *Id.*

The BOP has a four-step administrative review process. *See* 28 C.F.R. § 542.13(a). First, the prisoner must attempt to informally resolve the concern informally with staff. *Id.* If unsuccessful, the prisoner may submit a Request for Administrative Remedy to the Warden. *See id.* § 542.14. If unsatisfied with the Warden's response, he may appeal to the Regional Director. *Id.* § 542.15. Finally, the prisoner may appeal to the Office of General Counsel within 30 days of the Regional Director's response. *Id.*

Smith complied with the institutional and regional steps. [10-13] at ¶ 12. But the Office of General Counsel rejected his appeal because he failed to provide a copy of his institution filing or a receipt for that filing. *Id.* And Smith never properly refiled. *Id.* Accordingly, Smith did not properly exhaust his administrative remedies with the BOP and fails to show extraordinary circumstances excusing him from doing so.

IV.  Conclusion

The Court has considered all arguments. Those it does not address would not have changed the outcome. The Court adopts as its findings and conclusions the Report and Recommendation [12] of United States Magistrate Judge Michael T. Parker and DISMISSES the Petition [1] with prejudice.

The Court will issue a separate Final Judgment consistent with this Order.

SO ORDERED, this the 27th day of September, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
